## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

ARRAY OF SOAP, LLC,

               Plaintiff,

               v.

MAGNOLIA SOAP AND BATH CO.
FRCH, LLC, et al.

               Defendants.

Civil Action No. 2:25-cv-00339-ALM-CMV

Judge:  Algenon L. Marbley

Magistrate:  Chelsey M. Vascura

## DEFENDANTS MAGNOLIA SOAP AND BATH CO. FRCH, LLC AND EMILY BURRISS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendants Magnolia Soap and Bath Co. FRCH, LLC ("Magnolia") and Emily Burriss ("Burriss") (collectively, "Defendants") respectfully move the Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), and in the alternative 12(b)(6)[1], because Section 20.2 of the parties' Franchise Agreement requires that Plaintiff mediate its disputes, in Mississippi, before commencing a court action.  Furthermore, Plaintiff failed to allege the occurrence of this condition precedent as required by Fed. R. Civ. P. 9(c), and there is no dispute that this condition precedent has not occurred.

In the event that this case is not dismissed, Defendants respectfully move the Court to transfer this action to the United States District Court for the District of Mississippi pursuant to 28 U.S.C. § 1404(a) and the mandatory forum selection clause contained in the Franchise Agreement between Plaintiff and Magnolia.

---

[1] Although Defendants move pursuant to 12(b)(1) and 12(b)(6), they are aware that the Court's resolution of 12(b)(1) motion is a threshold matter, which must be considered by the Court first.  *Whitestone Group, Inc. v. Natl. Union Fire Ins. Co. of Pittsburgh, PA.*, No. 2:15-cv-962. 2016 WL 1117595, at *2 (S.D. Ohio Mar. 21, 2016).

Dated: April 18, 2025

Respectfully submitted,

*/s/ Marcus A. Miller*
Michael A. Snyder (0069425)
Marcus A. Miller (0096597) (Trial Attorney)
SHUMAKER, LOOP & KENDRICK, LLP
41 South High Street
Columbus, Ohio 43215-6104
(614) 463-9441 (telephone)
(614) 463-1108 (facsimile)
msnyder@shumaker.com
mmiller@shumaker.com
Attorneys for Defendants

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| ARRAY OF SOAP, LLC, | Civil Action No. 2:25-cv-00339-ALM-CMV |
| Plaintiff, | Judge:  Algenon L. Marbley |
| v. | Magistrate:  Chelsey M. Vascura |
| MAGNOLIA SOAP AND BATH CO. FRCH, LLC, et al. | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS MAGNOLIA SOAP AND BATH CO. FRCH, LLC AND EMILY BURRISS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

## I.    INTRODUCTION

Plaintiff and Magnolia are parties to a franchise agreement dated April 29, 2023 (the "Franchise Agreement").   The Franchise Agreement contains three provisions which are dispositive.   First, Section 20.1 requires the parties to complete an internal dispute resolution process prior to initiating a mediation demand process.   Second, Section 20.2 provides that, at Magnolia's option, and as a condition precedent to the parties suing in court, the parties must first submit their dispute to mediation in accordance with the American Arbitration Association rules. Third, Section 20.3 of the Franchise Agreement is a mandatory forum selection clause which states, in relevant part, "[a]ny claims, disputes or actions arising out of [the Franchise] Agreement shall be governed, enforced and interpreted by the laws of the State of Mississippi," and "Franchisee and its Principals, except where specifically prohibited by law, hereby irrevocably

submit themselves to the sole and exclusive jurisdiction of the state and federal courts in Mississippi."

Plaintiff failed to adhere to the requirements of Sections 20.1 and 20.2 and therefore has failed to meet the required conditions precedent to file this action.

Alternatively, Section 20.3 of the Franchise Agreement provides: "Any claims, controversies, disputes or actions arising out of this Agreement shall be governed, enforced and interpreted pursuant to the laws of the State of Mississippi." Accordingly, if the Court chooses to not dismiss, it should transfer the case to the United States District Court for the District of Mississippi pursuant to 28 U.S.C. §1404(a).

## II.   FACTS

### A.   The Franchise Agreement and Franchise Disclosure Document.

On April 29, 2023, Plaintiff Array of Soap, LLC ("Array" or "Plaintiff") entered into the Franchise Agreement with Magnolia pursuant to which Array was granted the right and undertook the obligation to operate a Magnolia franchise in the Lancaster, Ohio area. *See generally* Complaint ("Compl."), ECF No. 8, and Ex. C (the "Franchise Agreement"), ECF No. 8-1; Affidavit of Magen Bynum ("Bynum Aff."), attached hereto as Exhibit 1, at ¶ 4. As required by the Federal Trade Commission rule on franchising, 16 C.F.R. Part 436.1 *et seq.* (the "Franchise Rule"), Magnolia provided Plaintiff with a Franchise Disclosure Document ("FDD") before Plaintiff purchased its franchise(s). Compl. at ¶ 7, ECF No. 8 at PageID 451; Compl. Ex. A (the "FDD"), ECF No 8-1; Bynum Aff. at ¶ 3.

The Franchise Agreement contains: (1) an internal dispute resolution provision; (2) a provision that requires the Plaintiff to first proceed to mediation as a condition precedent to

commencing litigation; and (3) a forum selection clause. Franchise Agreement, §§ 20.1, 20.2, and 20.3, ECF No. 8-1 at PageID 632.

Section 20.1 of the Franchise Agreement requires the parties first attempt to internally resolve any disputes between them that arise from the Franchise Agreement or the franchisor/franchisee relationship:

> Franchisee shall first bring any claim, controversy or dispute arising out of or relating to this Agreement, the Attachments hereto or the relationship created by this Agreement to Franchisor's president and/or chief executive officer for resolution. After providing notice as set forth in Section 21.7 below. Franchisee must exhaust this internal dispute resolution procedure before Franchisee may bring Franchisee's dispute before a third party. This agreement to first attempt resolution of disputes internally shall survive termination or expiration of this Agreement.

*Id*. at § 20.1, ECF No. 8-1 at PageID 632.

Section 20.2 of the Franchise Agreement allows the Franchisor to require Franchisee to mediate their disputes as a condition precedent to suing in court:

> At Franchisor's option, any claim, controversy or dispute that is not resolved pursuant to Section 20.1 hereof shall be submitted to non-binding mediation. Franchisee shall provide Franchisor with written notice of Franchisee's intent to pursue any unresolved claim, controversy or dispute, specifying in sufficient detail the nature thereof, prior to commencing any legal action. Franchisor shall have thirty (30) days following receipt of Franchisee's notice to exercise Franchisor's option to submit such claim, controversy or dispute to mediation. Mediation shall be conducted through a mediator or mediators in accordance with the American Arbitration Association Commercial Mediation Rules. Such mediation shall take place in the then-current location of Franchisor's corporate headquarters. The costs and expenses of mediation, including compensation and expenses of the mediator (and except for the attorney's fees incurred by either party), shall be borne by the parties equally. Franchisor may specifically enforce Franchisor's rights to mediation, as set forth herein.

*Id*. at § 20.2, ECF No. 8-1 at PageID 632.

Lastly, Section 20.3 of the Franchise Agreement requires the mediation and/or litigation to occur in Mississippi:

> This Agreement is made in, and shall be substantially performed in, the State of Mississippi. Any claims, controversies, disputes or actions arising out of this Agreement shall be governed, enforced and interpreted pursuant to the laws of the State of Mississippi. Franchisee and its Principals, except where specifically prohibited by law, hereby irrevocably submit themselves to the sole and exclusive jurisdiction of the state and federal courts in Mississippi. Franchisee and its Principals hereby waive all questions of personal jurisdiction for the purpose of carrying out this provision.

*Id*. at § 20.3, ECF No. 8-1 at PageID 632.

### B.   Magnolia Elects to Mediate.

Plaintiff, through counsel, allegedly sent a letter to Magnolia, which was apparently delivered on December 13, 2024 to Magnolia's prior address (the "Internal Resolution Letter"). Bynum Aff. at ¶ 6.  Magnolia never received the letter.  *Id.*  Plaintiff sent Magnolia a demand letter dated January 14, 2025, which Magnolia received January 21, 2025 (the "Demand Letter"). Bynum Aff. at ¶ 7.  Pursuant to Section 21.7 of the Franchise Agreement, the Demand Letter was deemed received upon delivery.   Franchise Agreement § 21.7, ECF No. 8-1 at PageID 634. According to Section 20.2 of the Franchise Agreement, Magnolia had 30 days from receipt of the Demand Letter (*i.e.*, until February 20, 2025) to demand mediation. *Id.* at § 20.2, ECF No. 8-1 at PageID 632.

On February 14, 2025, Magnolia, through email correspondence from counsel, timely exercised its right to demand mediation pursuant to Section 20.2 of the Franchise Agreement. Bynum Aff. at ¶ 7.

### C.   The Complaint.

Despite the requirement to mediate prior to commencing suit, Plaintiff filed this action on March 5, 2025 in the Court of Common Pleas for Fairfield County, Ohio.  Magnolia and Burris timely removed the lawsuit to this Court on April 1, 2025.  Defendants' Notice of Removal, ECF No. 1.

### III.    STANDARD OF REVIEW.

Pursuant to Fed. R. Civ. P. 12(b)(1), a movant may attack a cause of action in one of two ways: facially or factually. Fed. R. Civ. P. 12(b)(1); *Whitestone Group, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 2:15-cv-962, 2016 WL 1117595, at *2 (S.D. Ohio Mar. 21, 2016). A facial attack challenges the sufficiency of the complaint itself, whereas a factual attack challenges the factual existence of subject matter jurisdiction.   In reviewing a factual challenge, the Court need not presume that the allegations set forth in the complaint are true. *Id.*  Instead, the court may weigh any evidence properly before it, including affidavits and other documents, in deciding it has the power to hear the case. *Id.*; *Dimension Serv. Corp. v. Bayview Ford Lincoln, LLC*, No. 2:18-cv-489, 2019 WL 1200573, at *1 (S.D. Ohio Mar. 14, 2019).  The plaintiff has the burden of proving subject matter jurisdiction.  *Dimension Serv. Corp* at *1.  Defendants note that this Court has, previously, analyzed requests to dismiss for failure to comply with a mediation clause under Fed. R. Civ. P. 12(b)(1).  *See, e.g., id.* at *3 (enforcing mandatory pre-suit alternative dispute resolution requirement in the parties' contract, including to first participate in non-binding mediation before filing suit); *but cf. Whitestone Group, Inc.*, No. 2:15-cv-962, 2016 WL 1117595, at *3 (ordering parties to complete mediation pursuant to parties' contractual obligations).

Alternatively, a motion to dismiss for failure to state a claim should be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Bell Atlantic Corp.*, 550 U.S. 544 (2007).  Unlike a 12(b)(1) motion, when evaluating the motion to dismiss under 12(b)(6), the court evaluates the merits of the claim by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiff, and determining whether they state a claim as a matter of law. *Id.* The allegations must be detailed enough to raise the right to relief above the speculative level. *Id.*

Courts in the Southern District have also used Fed. R. Civ. P. 12(b)(6) to resolve requests to dismiss for failure to comply with a mediation clause. *Brave Optical, Inc. v. Luxottica of America, Inc.*, No. 1:23-cv-793, 2024 WL 3173504, at *6 (S.D. Ohio June 26, 2024) (ordering parties to engage in mediation as specified in their contractual agreements); *but c.f. Whitestone Group, Inc.*, No. 2:15-cv-962, 2016 WL 1117595, at *3.

## IV. <u>ARGUMENT</u>

### A. The context for requiring mediation as a condition precedent to this action.

By way of background, it is important to understand that including a mediation condition precedent in a franchise agreement has greater importance than in other types of contracts. The significance is heightened due to the requirements of the Federal Trade Commission's Rule on Franchising, 16 C.F.R. Part 436.1 *et seq.* (the "Franchise Rule"). Pursuant to the Franchise Rule, a franchisor is required to disclose in Item 3 of its Franchise Disclosure Document (an "FDD") all litigation commenced against it, and certain other individuals, by franchisees relating to the franchise relationship. If the parties settle their dispute while litigation is pending, the franchisor is required to disclose the allegations and the settlement terms <u>for ten years following the settlement</u>. 16 C.F.R. § 436.5(c)(iii)(B).

This impacts a franchisors' ability to settle disputes in several important ways. First, a franchisor who disputes the allegation is less likely to settle the dispute once a lawsuit is pending because it does not want to disclose settlement terms that would allow anyone to infer there was any credibility to the allegations.

Second, the Franchise Rule's disclosure requirement makes confidential settlements impossible and deprives both parties of the ability to settle their dispute privately, which is a common factor that encourages settlements.

Third, when individuals are named (as is the case here), they may not have any liability, but a settlement of the dispute could follow them if they decide to seek employment by another franchisor. This makes it very difficult for individuals who work for franchisors in a role that requires an Item 2[2] disclosure to obtain employment because a franchisor employer is unlikely to want to hire someone who requires them to disclose that the employee was named in a lawsuit that alleged a claim such as fraud, even if the claim was ultimately settled prior to judgment.

Although there are other considerations that make mediation vital in a franchise agreement, just these three main concerns are evidence of why mediation is vital in the franchise relationship. Therefore, mediation (prior to litigation) gives both parties a chance to resolve their dispute privately, protects the franchisor's brand and reputation from claims that may not have been legitimate and prevents certain employees from becoming unemployable if they want to seek new opportunities in franchising. Without mediation as a precondition to a lawsuit, franchise disputes become much more difficult to settle and, in some cases, force a franchisor to litigate the matter to conclusion to prove it is not liable for the allegations made against it.

With these reasons in mind, the Defendants seek dismissal of this dispute to give the parties a chance to mediate and settle their dispute confidentially, in the state of Mississippi, as required by the Franchise Agreement.

---

[2] Item 2 of the Franchise Rule requires franchisors to "[d]isclose by name and position the franchisor's directors, trustees, general partners, principal officers, and any other individuals who will have management responsibility relating to the sale or operation of franchises offered by this document. For each person listed in this section, state his or her principal positions and employers during the past five years, including each position's starting date, ending date, and location."

9

**B.** **Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) and 12(b)(6) because it is undisputed that the Plaintiff failed to mediate their dispute as a condition precedent to this action as required by the Franchise Agreement.[3]**

As a threshold matter, this Court should dismiss Plaintiff's Complaint because the parties have not engaged in mediation, as required by the plain language of the Franchise Agreement. *See Gate Precast Co. v. Kenwood Towne Place, LLC*, No. 1:09-cv-00113, 2009 WL 3614931, at *4 (S.D. Ohio Oct. 28, 2009) (enforcing mandatory pre-suit mediation provision because "there are strong presumptions in favor of avenues other than lengthy litigation"). Alternative dispute resolution is a favored practice of both Ohio and federal courts as an alternative to lengthy and expensive litigation. *Acme Arsena Co., Inc. v. J. Holden Constr. Co., Ltd.*, 2008-Ohio-6501, ¶ 10 (Ohio 8th Dist. App. 2008) (citations omitted) (holding that trial court abused its discretion in failing to stay proceedings pending mediation and arbitration); *see also, e.g., Dimension Serv. Corp*, No. 2:18-cv-489, 2019 WL 1200573 at *3 (enforcing mandatory pre-suit alternative dispute resolution requirement in the parties' contract, including to first participate in non-binding mediation before filing suit).

Here, the Franchise Agreement requires a two-step process of internal dispute resolution, then mediation, as a condition precedent to initiating litigation. Franchise Agreement at §§ 20.1 and 20.2, ECF No. 8-1 at PageID 632. Similarly, the FDD put Plaintiff on notice that claims not resolved internally were to be submitted to mediation n Mississippi. FDD, ECF No. 8-1 at PageID 464, 498. It is Plaintiff's burden to allege the occurrence of this condition precedent pursuant to

---

[3] Notably, the Sixth Circuit has found that, as is the case here, the failure to comply with mediation as a contractual condition precedent to commencing an action bars the plaintiff's claims as a matter of law. *See Bill Call Ford, Inc. v. Ford Motor Co.*, 48 F.3d 201 (6th Cir. 1995). Accordingly, Defendants contend the Court may also bar the Complaint as a matter of law. *Id.* at 208; *R & R, Inc. v. Volvo Trucks N. America, Inc.*, 2007 WL 709780, *3 (N.D.Ohio Feb. 28, 2007); *but see Whitestone Group, Inc.*, No. 2:15-cv-962, 2016 WL 1117595, at *3 (analyzing a 12(b)(1) and 12(b)(6) motion attacking a complaint as premature for failure to exhaust contractual mediation requirement and distinguishing *Bill Call Ford* and *R & R, Inc.* noting neither directly addressed subject matter jurisdiction and were not procedurally analogous).

Fed. R. Civ. P. 9(c).  *See Peterson v. Northland Ins. Co.*, No. 1:13-cv-422, 2015 WL 1221271, at *23 n. 13 (S.D. Ohio Mar. 17, 2015) ("Plaintiff did not affirmatively plead that conditions precedent to the policy were met, as required under Rule 9(c)"); *N. Am. Specialty Ins. Co. v. Goldstein Enterprises, LLC*, No. 1:06-cv-836, 2008 WL 820351, at *6 (W.D. Mich. Mar. 25, 2008) ("The occurrence of a condition precedent is a matter that must be specially pled"); *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 610 (7th Cir. 1987) ("An essential allegation of a complaint based upon a breach of contract is that the plaintiff performed all contractual conditions required of him"); *East River Const. Corp. v. Dist. of Columbia,* 183 F. Supp. 684, 685 (D.D.C. 1960) (finding plaintiff's count for breach of contract defective for failure to allege compliance with conditions precedent to recovery).  Plaintiff has failed to meet this burden.

Setting aside the fact that Magnolia never received the Internal Resolution Letter, at best, this letter would be deemed to have satisfied the first step of the two-step pre-litigation resolution process.  As such, if the Internal Resolution Letter is deemed as having satisfied Section 20.1 of the Franchise Agreement, according to Section 20.2 of the Franchise Agreement, Magnolia had 30 days from receipt of the Demand Letter—received January 21, 2025—to demand mediation.  Magnolia complied with the 30-day deadline by timely exercising its right to mediate.  Bynum Aff. at ¶ 8.  Plaintiff does not and cannot allege that it complied with the condition precedent to this action by completing mediation before commencing this action because mediation did not take place despite Magnolia's timely demand.  *Id.* at ¶ 11.

Accordingly, the Court should dismiss this action so that the parties can mediate Plaintiff's claims, outside of the context of litigation and in Mississippi, as contemplated by the Franchise Agreement.[4]  *See, e.g., Dimension Serv. Corp. v. Bayview Ford Lincoln, LLC*, No. 2:18-cv-489,

---

[4] The Court entered its Preliminary Pretrial Order on April 17, 2025.  Pretrial Order, ECF No. 13.  The Pretrial Order refers the case to mediation to be held in July 2025.  By agreeing to mediate the matter pursuant to the parties'

2019 WL 1200573, at *3 (S.D. Ohio Mar. 14, 2019) (finding dispute resolution terms valid and enforceable and ordering parties to mediate, and then arbitrate (if necessary) their claims, prior to resuming litigation). In the event that this dispute is not resolved via mediation, Plaintiff will be free to re-file its suit in the Mississippi federal court as contemplated by the Franchise Agreement.

### B. If not dismissed, the Court should transfer this case to the United States District Court for the District of Mississippi.

Section 1404(a) of Title 28 provides the proper mechanism for transferring a case based on a forum-selection clause. *See Atl. Marine Coast. Co., Inc. v. U.S. Dist. Court for the West. Dist. of Texas*, 571 U.S. 49, 59 (2013). When a district court considers a Section 1404(a) motion in the presence of a valid and enforceable forum selection clause, such a provision "should be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 581 (quoting *Stewart Org., Inc. v. Rioch Corp.*, 487 U.S. 22, 33 (2013).

Generally, in analyzing whether to transfer venue pursuant to 28 U.S.C. § 1404(a), a district court "must evaluate both the convenience of the parties and various public-interest considerations." *Polansky v. Forest River, Inc.*, 2023 WL 5486259, at *2 (S.D. Ohio Aug. 24, 2023) (quoting *Atl. Marine*, 571 U.S. at 62). The analysis changes, however, when the parties have entered into a contract containing a valid forum selection clause. *Id.* In such cases, the Plaintiff's choice of forum is irrelevant, and the courts consider only the public interest factors, "weighing any private interest factors as weighing entirely in favor of the preselected forum." *Id.* (internal quotations omitted).

Accordingly, the Sixth Circuit has instructed that when ruling on a motion to transfer based on a forum selection clause, courts should analyze whether the forum selection clause is (1)

---

Rule 26(f) Conference Report (ECF No. 12) and the Pretrial Order, Defendants in no way waive their argument that this matter be dismissed so that the parties may mediate outside of the court system and in the state of Mississippi, as contemplated by the terms of the Franchise Agreement.

applicable, (2) mandatory, (3) valid, and (4) enforceable. *Id.* (citing *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 215 (6th Cir. 2021)). The burden rests on the party opposing the forum selection clause to show that the clause should not be enforced. *Id.* (quoting *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009)). Where the parties have agreed to a valid, enforceable forum selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* (citing *Atl. Marine*, 571 U.S. at 51).

The forum selection clause in the Franchise Agreement provides:

> This Agreement is made in, and shall be substantially performed in, the State of Mississippi. Any claims, controversies, disputes or actions arising out of this Agreement shall be governed, enforced and interpreted pursuant to the laws of the State of Mississippi. Franchisee and its Principals, except where specifically prohibited by law, hereby **irrevocably submit themselves to the sole and exclusive jurisdiction of the state and federal courts in Mississippi.** Franchisee and its Principals hereby waive all questions of personal jurisdiction for the purpose of carrying out this provision.

Franchise Agreement § 20.3 (emphasis added), ECF No. 8-1 at PageID 632.

### 1. The forum selection clause is applicable to Plaintiff's claims.

The forum selection clause covers "[a]ny claims, controversies, disputes or actions arising out of" the Franchise Agreement. *Id.* Based on the plain language of the Franchise Agreement, there is no disputing the forum selection clause is applicable to the resolution of the claims alleged in Plaintiff's Complaint because Plaintiff's allegations arise from the parties' relationship under the Franchise Agreement.

### 2. The Franchise Agreement contains a "mandatory" forum selection clause.

This Court, following the Sixth Circuit, has held that a forum selection clause is mandatory when it includes words like "shall" "sole" and "exclusive," as is the case here. *See Polansky v. Forest River, Inc.*, No. 2:22-cv-4460, 2023 WL 5486259, at *5 (S.D. Ohio Aug. 24, 2023).

### 3. The forum selection clause is enforceable.

In determining whether a forum selection clause is enforceable, courts in this Circuit analyze whether: "'(1) the clause was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; (3) the designated forum would be so seriously inconvenient that requiring the plaintiff to bring suit there would be unjust; or (4) enforcing the forum selection clause would contravene a strong public policy of the forum state.'" *Id.* (quoting *Lakeside Surfaces*, 16 F.4th at 219-20). The party opposing the forum selection clause bears the heavy burden of showing that the clause should not be enforced. *Id.*

Under the first factor, "the party opposing the clause must show fraud **in the inclusion of the clause itself**." *Wong*, 589 F.3d at 828 (emphasis added). "A general allegation of fraud in the making of the agreement is insufficient to invalidate a forum selection clause in that agreement; the forum selection clause itself must be a product of fraud." *Egrsco, LLC v. Evans Garment Restoration, LLC*, No. 2:09-CV-358, 2009 WL 3259423, at *4 (S.D. Ohio Oct. 8, 2009). Although there is an allegation of fraud in the Complaint, the Plaintiff does not allege the fraud is related to the forum selection clause itself. Compl. at ¶¶ 37-47, ECF No. 8 at PageID 457-58.

Under the second factor, Plaintiff must show that the United States District Court for the District of Mississippi will unfairly or ineffectively handle the suit. Although Plaintiff's Complaint alleges a violation of Ohio's Business Opportunity Plan Act, O.R.C. 1334.01 *et seq.* (the "OBPA"), that alone is not enough to overcome a forum selection clause or the other factors weighing in favor of transfer. *F.D.I.C. v. Nova Fin. & Inv. Corp.*, No. 1:12-CV-2553, 2015 WL

2195062, at *5 (N.D. Ohio May 11, 2015) (granting a motion to transfer from this Court to Arizona despite Ohio law being applicable to the matter). Furthermore, even though Defendants maintain the Ohio statute does not apply, even if it does, Mississippi federal judges are undoubtedly capable of handling the matter and will not deprive the Plaintiff of its claims pursuant to the Ohio statute.

The third factor requires the Plaintiff to show that enforcement of the clause would be so inconvenient such that its enforcement would be unjust or unreasonable. *Wong*, 589 F.3d at 828. This factor is not satisfied simply because of mere inconvenience to the party opposing the forum selection clause. *Id.*

Mississippi is not unreasonably inconvenient to the parties and witnesses. The plaintiff is an Ohio resident and Magnolia's headquarters is located in Mississippi. Compl. at ¶¶ 2-5, ECF No. 8 at PageID 451. Due to the valid forum selection clause, however, the burden rests with the Plaintiff to show that Mississippi is not appropriate. *Braman v. Quizno's Franchise Co., LLC*, No. 5:07CV2001, 2008 WL 611607, at *5 (N.D. Ohio Feb. 20, 2008). The simple fact that Plaintiff will be litigating in Mississippi does not necessarily favor Plaintiff. *See id.* (enforcing the forum selection clause where witnesses were located in both fora and stating that fact does not favor the plaintiffs in the face of a forum selection clause). Moreover, the public interest and convenience of the parties would be better served by a transfer to Mississippi to preserve the judicial resources of this Court. *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002); *Wm. R. Hague, Inc. v. Sandburg*, 468 F. Supp. 2d 952, 963 (S.D. Ohio 2006) ("Public interest factors include the issues of congested dockets").

Furthermore, although the Ohio legislature has declared business opportunity plans to be a matter of public interest,[5] enforcing the forum selection clause would not necessarily contravene Ohio's public policy or deprive Plaintiff of the benefit of Ohio's statutory protection.

As noted above, Plaintiff's Complaint alleges violations of the OBPA.  Section 1334.06(E) of the OBOPA states:

> In connection with the sale or lease of a business opportunity plan, any provision in an agreement restricting jurisdiction or venue to a forum outside of this state, or requiring the application of laws of another state, is void with respect to a claim otherwise enforceable under sections 1334.01 to 1334.15 of the Revised Code.

Ohio Rev. Code § 1334.06.

> Section 1334.15 of the OBOPA states:

> Any waiver by a purchaser of sections 1334.01 to 1334.15 of the Revised Code or any venue or choice of law provision that deprives a purchaser who is an Ohio resident of the benefit of those sections is contrary to public policy and is void and unenforceable.

Ohio Rev. Code § 1334.15.

Despite these statutory provisions, Ohio law generally recognizes the validity of forum selection clauses, *Zilbert v. Proficio Mortg. Ventures, L.L.C.*, 2014-Ohio-1838, ¶ 24 (Ohio 8th Dist. App. 2014), and it is common for a federal court in one state to hear claims arising under another state's laws.  *Polansky v. Forest River, Inc*., 2023 WL 5486259, at *6 (S.D. Ohio Aug. 24, 2023).

Moreover, the Supreme Court has held that state policy invalidating forum selection clauses in certain circumstances is only one factor to be considered in the balancing test because the issue of forum is controlled by a federal statute which is supreme to state laws.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988) ("The forum-selection clause, which represents the

---

[5] *See,* Ohio Rev. Code § 1334.15.

parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration (as Alabama law might have it), but rather the consideration for which Congress provided in 28 U.S.C. §1404(a)"); *Kerobo*, 285 F.3d at 536 quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988) (enforcing a forum selection clause despite a Michigan franchise law invalidating forum selection clauses); *in accord. Wong*, 589 F.3d 832 (holding federal law, rather than Ohio law, governed inquiry into enforceability of forum selection clause).

In addition, Ohio law specifically excludes transactions that comply in all material respects with the FTC Rule by adhering to the disclosure requirements and prohibitions concerning franchising that is in effect on the date of the transaction. *See* Ohio Rev. Code § 1334.13. Magnolia's position is that it complied with the FTC Rule by providing Plaintiff with its most recent FDD prior to the parties entering into the Franchise Agreement; therefore, the OBOPA does not apply.

Finally, the public interest would be better served by a transfer to Mississippi because it will alleviate the congestion of this Court's docket, and it is where the parties agreed that to resolve this dispute. *See Kerobo*, 285 F.3d at 535; *see also Wm. R. Hague, Inc. v. Sandburg*, 468 F. Supp. 2d 952, 963 (S.D. Ohio 2006) ("Public interest factors include the issues of congested dockets."); Franchise Agreement § 20.3, ECF No. 8-1 at PageID 632.

The Plaintiff freely and knowingly entered into the forum selection clause in the Franchise Agreement. It was well aware that if litigation or mediation were necessary, it would be required to take place in Mississippi. Magnolia seeks only to enforce the benefit of its bargain, and the Plaintiff cannot provide this Court with a "strong showing" that the forum selection clause should be set aside. Furthermore, the general considerations of a Section 1404(a) motion also weigh in

favor of transfer.  As a result, in the event the Court does not dismiss, this Court should transfer this matter to the United States District Court for the District of Mississippi pursuant to 28 U.S.C. 1404(a) and the Franchise Agreement's forum selection clause.

## IV.    **<u>CONCLUSION</u>**

The Plaintiff's Complaint should be dismissed without prejudice so the parties may attempt to resolve their disputes through mediation outside of the federal court system.  In the alternative, this Court should transfer the action to the United States District Court for the District of Mississippi pursuant to the forum selection clause in the Franchise Agreement.

Dated: April 18, 2025

Respectfully submitted,

/s/ Marcus A. Miller
Michael A. Snyder (0069425)
Marcus A. Miller (0096597) (Trial Attorney)
SHUMAKER, LOOP & KENDRICK, LLP
41 South High Street
Columbus, Ohio 43215-6104
(614) 463-9441 (telephone)
(614) 463-1108 (facsimile)
msnyder@shumaker.com
mmiller@shumaker.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Transfer Venue was filed on April 18, 2025 with the Clerk of Court for the United States District Court for the Southern District of Ohio by using the CM/ECF system, which shall effect service on all counsel of record.

*/s/ Marcus A. Miller*
Marcus A. Miller
An Attorney for Defendants

Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

ARRAY OF SOAP, LLC,                         Civil Action No. 2:25-cv-00339-ALM-CMV

        Plaintiff,                         Judge:  Algenon L. Marbley

        v.                         Magistrate:  Chelsey M. Vascura

MAGNOLIA SOAP AND BATH CO.
FRCH, LLC, et al.

        Defendants.

**AFFIDAVIT OF MAGEN BYNUM IN SUPPORT OF DEFENDANTS MAGNOLIA SOAP AND BATH CO. FRCH, LLC AND EMILY BURRISS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

STATE OF MISSISSIPPI                         )
                                ) s.s.
COUNTY OF PONTOTOC                         )

    I, Magen Bynum under penalty of perjury, deposes and states as follows:

    1.      I am the Founder and Owner of the Magnolia Soap and Bath Co. FRCH, LLC ("Magnolia"), and I have personal knowledge of the matters set forth herein.

    2.      Magnolia offers franchisees the right to own and operate high-quality retail businesses which sell personal care products, including soap and bath products using the trademark "Magnolia Soap and Bath Co" (the "Franchised Business").

    3.      In or around January of 2023, Magnolia provided Mrs. Lindsay Array Williams ("Williams") with the then-current version of its franchise disclosure document (the "FDD"), after she expressed interested in the opportunity to operate a Franchised Business.

4.     On April 29, 2023, Array of Soap, LLC ("Array") entered into a franchise agreement with Magnolia under which Array was granted the right and undertook the obligation to operate a Magnolia Franchised Business in the Lancaster, Ohio area (the "Franchise Agreement"). A copy of the Franchise Agreement is attached to Plaintiff's Complaint as Exhibit C.

5.     The Franchise Agreement sets up a two-step process for pre-litigation dispute resolution, including an internal dispute resolution provision, then a mediation provision. Franchise Agreement at §§ 20.1 and 20.2.

6.     Array's counsel advised my attorneys that they sent a letter which was allegedly delivered to Magnolia's prior address on December 13, 2024; however, Magnolia did not receive the letter.

7.     Plaintiff sent Magnolia a demand letter dated January 14, 2025, which was not received until January 21, 2025 (the "Demand Letter").

8.     Accordingly, pursuant to the mediation provision of Section 20.2 of the Franchise Agreement, Magnolia's attorney sent an email to Plaintiff's counsel on February 14, 2025 electing to mediate any matters arising from the Franchise Agreement. A true and accurate copy of the email dated February 14, 2025 is attached hereto as Exhibit A.

9.     Plaintiff has refused to mediate this matter prior to filing suit.

10.     Despite Magnolia demanding mediation, Plaintiff filed a Complaint on March 5, 2025.

11.     Magnolia maintains that it complied with its obligations under 16 C.F.R. § 436.1 et seq. (the "FTC Rule") by providing Plaintiff with the required franchise disclosure document, which Magnolia contends complied in all material respects to the FTC Rule.

12.    The foregoing statements are true and correct to the best of my knowledge, information, and belief.


REMAINDER OF PAGE INTENTINOALL LEFT BLANK.
SIGNATURE PAGE BELOW.

Executed this 16 day of April 2025, in Sherman , Mississippi.

_Magen Bynum_

_____

Magen Bynum

Sworn to and Subscribed Before
Me this 16 day of April, 2025

_Amanda Hodge_
Notary Public

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 291755
AMANDA HODGE
Commission Expires
July 5, 2025
PONTOTOC COUNTY

Exhibit A

**Miller, Marcus A.**

| | |
|---|---|
| **From:** | Daniel Nussbaum <dnussbaum@fisherzucker.com> |
| **Sent:** | Friday, February 14, 2025 11:37 AM |
| **To:** | Lindsay Nelson |
| **Cc:** | Frank Reino |
| **Subject:** | RE: Magnolia - Array of Soap |

Good morning, Ms. Nelson,
Thank you for your patience while we work to finalize our response to your letter in the above-captioned matter. My colleague Frank (cc'd here) and I were traveling for most of this week, and expect to follow up with a comprehensive response very shortly. In the interim, please accept this correspondence as notice that Franchisor elects, pursuant to Section 20.2 of the Franchise Agreement, to submit any claim(s) arising out of this matter to mediation.

Thank you – we expect to follow up shortly with a more comprehensive letter response.
Daniel

Daniel Z. Nussbaum
*Associate Attorney*



Fisher Zucker LLC
21 South 21st Street
Philadelphia, PA 19103
t. 215-825-3125
f. 215-825-3101
dnussbaum@fisherzucker.com
www.fisherzucker.com

---

**From:** Lindsay Nelson <nelson@asnalaw.com>
**Sent:** Wednesday, February 5, 2025 4:01 PM
**To:** Daniel Nussbaum <dnussbaum@fisherzucker.com>
**Cc:** Magen Bynum <magen@magnoliasoapandbath.com>
**Subject:** RE: Magnolia - Array of Soap

Appreciate you reaching out, Daniel. We will expect to hear back from you early next week.

**ALLEN STOVALL NEUMAN & ASHTON LLP**

— ATTORNEYS —

**LINDSAY NELSON**

10 W. Broad St.
Suite 2400
Columbus, OH 43215
O: (614) 221-8500
D: (614) 591-9582

nelson@ASNAlaw.com

**website** | **map**

CONFIDENTIALITY NOTICE: This email transmission, and any documents, files or previous email messages attached to it or embedded within it, may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein or attached hereto (including any reliance thereon) is strictly prohibited. If you receive this transmission in error, please immediately notify the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

**From:** Daniel Nussbaum <dnussbaum@fisherzucker.com>
**Sent:** Wednesday, February 5, 2025 11:36 AM
**To:** Lindsay Nelson <nelson@asnalaw.com>
**Cc:** Magen Bynum <magen@magnoliasoapandbath.com>
**Subject:** Magnolia - Array of Soap

Dear Ms. Nelson,
Our office represents Magnolia Soap & Bath Co. FRCH LLC. We just received your letter dated January 14, 2025 on behalf of Array of Soap LLC – if you could kindly allow us a few days to review and respond in more detail, we would appreciate it. We expect to provide a more comprehensive response early next week.

Thank you,
Daniel Nussbaum

Daniel Z. Nussbaum
*Associate Attorney*



Fisher Zucker LLC
21 South 21st Street
Philadelphia, PA 19103
t. 215-825-3125
f. 215-825-3101
dnussbaum@fisherzucker.com
www.fisherzucker.com