

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| ARRAY OF SOAP, LLC | : | |
| | : | Civil Action No. 2:25-cv-00339-ALM-CMV |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge: Douglas R. Cole |
| | : | |
| MAGNOLIA SOAP AND BATH CO. | : | Magistrate Judge: Chelsey M. Vascura |
| FRCH, LLC, et al. | : | |
| | : | |
| Defendants. | : | |

---

## AFFIDAVIT OF LINDSAY NELSON

---

Lindsay Nelson, being duly cautioned and sworn, deposes and states that:

1.      I am over the age of eighteen and have personal knowledge of all the facts testified to herein.

2.      I am legal counsel for Plaintiff Array of Soap, LLC ("Plaintiff") in the above-captioned matter.

3.      On December 11, 2024, I sent a demand letter ("First Demand Letter") to Defendants Magnolia Soap and Bath Co Frch, LLC ("Magnolia") and Emily Burriss (collectively, "Defendants"), as well as to Magnolia's CEO, Ms. Bynum, at 119 West Bankhead Street, New Albany, Mississippi, 38652, to notify them of Plaintiff's claims. (First Demand Letter attached hereto at Exhibit 1, attachments omitted.) The First Demand Letter requested that Defendants respond on or before December 23, 2024. (*Id.*)

4.      The First Demand Letter was delivered on December 13, 2024 and a purported agent of Magnolia signed for the delivery. (United Stated Postal Service ("USPS") Return Receipt

for the First Demand Letter attached hereto at <u>Exhibit 2</u>.) Defendants did not respond to the First Demand Letter.

5.  On January 2, 2025, in an effort to receive a substantive response from Defendants and engage in settlement negotiations, I sent a second copy of the demand letter ("Second Demand Letter") to 706 Carter Avenue, New Albany, MS 38652, a location Plaintiff understood to be Magnolia's corporate office. (Second Demand Letter attached hereto at <u>Exhibit 3</u>, attachments omitted.)

6.  On January 6, 2025, the USPS left a notice of delivery of the Second Demand Letter at Magnolia's corporate office. (USPS tracking details for the Second Demand Letter attached hereto at <u>Exhibit 4</u>.)

7.  On January 14, 2025, in a final attempt to resolve Plaintiff's claims prior to initiating litigation, I sent the demand letter ("Third Demand Letter") to 401 East Bankhead Street, New Albany, MS 38652, which Plaintiff understood to be Ms. Bynum's, residential address; 103B W. Bankhead Street, New Albany, MS 38652, which Plaintiff understood to be the location of a Magnolia store operated by Ms. Bynum; 1000 Barnes Crossing Rd., Ste 715, Tupelo, MS 38804, which Plaintiff understood to be the location of a Magnolia store operated by Ms. Bynum; and 1533 Highway 30 West, Myrtle, MS 38650, which Plaintiff understood to be the location of a Magnolia's warehouse. (Third Demand Letter attached hereto at <u>Exhibit 5</u>, attachments omitted.)

8.  On February 5, 2025, Magnolia notified me it was in receipt of Plaintiff's demand letter and expected to provide a comprehensive response "early next week." (2/5/2025 email communication attached hereto at <u>Exhibit 6</u>.) I did not receive a comprehensive response the following week.

9.      On February 14, 2025, Magnolia notified me that it expected to "follow up shortly with a more comprehensive letter response" and purported to elect, "pursuant to Section 20.2 of the Franchise Agreement, to submit any claims arising out of this matter to mediation." (2/14/2025 email communication attached hereto at Exhibit 6.)

10.     On February 14, 2025, I informed Magnolia's counsel (to the extent he was not already aware) that I sent the First Demand Letter to the Notice Address on December 11, 2024, it was delivered on December 13, 2024 and, as such, Magnolia's 30-day window to submit Plaintiff's claims to mediation had long since expired. (2/14/2025 email communication attached thereto at Exhibit 6.)

11.     On February 25, 2025, I finally received a substantive response from Magnolia's counsel. Magnolia, however, did not provide a counteroffer to Plaintiff's demand.

12.     On March 4, 2025, I provided a courtesy copy of Plaintiff's Complaint to defense counsel. (3/4/2025 email communication attached hereto at Exhibit 6, attachments omitted.) I also communicated to defense counsel that, although Magnolia was out of time to initiate mediation pursuant to the Franchise Agreement, Plaintiff was nonetheless amenable to participating in mediation so long as Magnolia "engages in good faith and all parties agree on the mediator, time, location and description of costs." (*Id.*) As a starting point, I requested whether Magnolia was amenable to a remote mediation via Zoom. (*Id.*) Magnolia was unwilling to participate in mediation unless Plaintiff dismissed its claims. (*Id.*)

13.     To date, Magnolia has not initiated mediation with a third party nor provided me with an offer to settle this matter.

_____
Lindsay Nelson

Sworn to and subscribed before me this _9th_ day of May, 2025.

_____
Notary Public

**Hannah B. Kittle**
Notary Public, State of Ohio
My Commission Expires _9-15-2027_