UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARRAY OF SOAP, LLC, | Civil Action No. 2:25-cv-00339-DRC-CMV |
| Plaintiff, | Judge: Douglas R. Cole |
| v. | Magistrate: Chelsey M. Vascura |
| MAGNOLIA SOAP AND BATH CO. FRCH, LLC, et al. | |
| Defendants. | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendants, Magnolia Soap and Bath Co. FRCH, LLC ("Magnolia") and Emily Burriss ("Burriss") (collectively, "Defendants"), submit this Reply in Support of their Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Transfer Venue (the "Reply").[1]

### I. INTRODUCTION

Plaintiff's Memorandum Contra to Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, to Transfer Venue ("Plaintiff's Memo Contra" or "Memo Contra"), [Doc. # 16], essentially argues that this Court should deny Defendants' Motion to Dismiss because (1) Defendants had ample time to initiate mediation and failed to do so, (2) Plaintiff complied with the dispute resolution requirements of the Franchise Agreement, and (3) the OBOPA, including the public-interest factors, weigh in favor of this action proceeding in Ohio.

The Franchise Agreement is clear. Plaintiff was required to "exhaust" the internal dispute resolution procedure pursuant to Section 20.1, then, at the option of Magnolia, submit its claims to

---

[1] Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, to Transfer Venue [Doc # 14] referred to herein as the "Defendants' Motion" or "Motion to Dismiss."

mediation (to take place in the "then-current location of [Magnolia's] corporate headquarters") pursuant to Section 20.2, and only then does the Franchise Agreement allow Plaintiff to bring its claims in court. Whether Plaintiff exhausted the internal dispute resolution process provided in Section 20.1 is debatable. Even assuming it did, what is not debatable is that Magnolia timely exercised its option to mediate pursuant to Section 20.2. In response, Plaintiff ignored the plain language of the Franchise Agreement and filed suit in state court in Ohio. It would be inequitable for this Court to allow Plaintiff to proceed with its claims in Ohio and negate the benefit of the agreement Plaintiff and Magnolia made to mediate Plaintiff's claims in Mississippi.

Accordingly, Defendants respectfully request that this Court grant Defendants' Motion, dismiss this action and allow the parties to participate in mediation outside the federal court system as contemplated by the terms of their agreement or, in the alternative, transfer this case to the United States District Court for the Northern District of Mississippi for further proceedings.

II. ARGUMENT

    A. **Plaintiff's failure to mediate their dispute as a condition precedent to this action is fatal to their claims and the Complaint.**

Plaintiff attaches several "demand letters" to its Memo Contra which it asserts were sent to Magnolia prior to Plaintiff filing suit. Memo Contra, Doc. # 16-4, PAGEID # 739-62. First, it is clear from the demands (which make no mention of mediation and threaten swift litigation) that Plaintiff never intended to fully comply, in good faith, with the dispute resolution process under the Franchise Agreement. *See e.g.,* First Demand Letter, Doc. # 16-4, PAGEID # 743 ("If we do not hear from you by [December 23, 2024], we will have no choice but to initiate legal action against you . . . ."). Second, Plaintiff sent the three demand letters within approximately thirty days of each other over the busy holiday season (December 11, 2024 through January 14, 2025). This hurried unilateral communication on the part of Plaintiff can hardly be described as Plaintiff "exhausting" the internal dispute resolution process. Not to mention, of the letters sent, Magnolia only received

the Demand Letter dated January 14, 2025. Bynum Aff., Doc. # 14, PAGEID # 699. After which, Magnolia's counsel timely exercised Magnolia's option to mediate. *Id.*

Plaintiff mistakenly argues that the Franchise Agreement requires Magnolia to "initiate" mediation within thirty days of its receipt of Plaintiff's demand. It does not. The Franchise Agreement simply states "Franchisor shall have thirty (30) days following receipt of Franchisee's notice ***to exercise Franchisor's option*** to submit such claim, controversy or dispute to mediation." Magnolia timely exercised its option; it had no obligation under the Franchise Agreement to "initiate" mediation within thirty days of Plaintiff's notice. Accordingly, Plaintiff's failure to mediate, as a condition precedent, is cause for dismissal.

### 1. Plaintiff's Complaint fails to sufficiently plead a condition precedent.

Plaintiff's Complaint fails to sufficiently plead that it met the above condition precedent to filing this lawsuit and thus this action should be dismissed. *See Peterson v. Northland Ins. Co.*, No. 1:13-cv-422, 2015 WL 1221271, at *23 n. 13 (S.D. Ohio Mar. 17, 2015) ("Plaintiff did not affirmatively plead that conditions precedent to the policy were met, as required under Rule 9(c)"); *N. Am. Specialty Ins. Co. v. Goldstein Enterprises, LLC*, No. 1:06-cv-836, 2008 WL 820351, at *6 (W.D. Mich. Mar. 25, 2008) ("The occurrence of a condition precedent is a matter that must be specially pled"); *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 610 (7th Cir. 1987) ("An essential allegation of a complaint based upon a breach of contract is that the plaintiff performed all contractual conditions required of him"); *East River Const. Corp. v. Dist. of Columbia*, 183 F. Supp. 684, 685 (D.D.C. 1960) (finding plaintiff's count for breach of contract defective for failure to allege compliance with conditions precedent to recovery).[2]

---

[2] Defendants acknowledge that Plaintiff has indicated that it will seek leave to amend its Complaint on or before May 30, 2025 to address this pleading deficiency.

## 2. Plaintiff's Complaint should be dismissed, regardless of its intent to fix its pleading deficiencies.

Plaintiff's pleading deficiency notwithstanding, the fact that Plaintiff failed to mediate, as a condition precedent, prior to bringing this action is cause in and of itself for dismissal. *See Bill Call Ford, Inc. v. Ford Motor Co.*, 48 F.3d 201, 208 (6th Cir. 1995) (holding that franchisee's statutory claim against franchisor was barred by franchisee's failure to seek mediation pursuant to franchise agreement, which required mediation prior to franchisee filing suit); *R & R, Inc. v. Volvo Trucks N. America, Inc.*, 2007 WL 709780, *3 (N.D.Ohio Feb. 28, 2007) (finding action was barred as a matter of law due to Plaintiff's failure to satisfy condition precedent set forth in sales and service agreement requiring parties to negotiate dispute, enter mediation and then binding arbitration); *but cf. Whitestone Group, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 2:15-cv-962, 2016 WL 1117595, at *3 (distinguishing *Bill Call Ford* and *R. & R., Inc.* and ordering parties to complete mediation pursuant to parties' contractual obligations).

Plaintiff correctly notes that *Whitestone*, *Dimension*, *Brave Optical*, *Gate Precast*, and *Acme* did not result in the dismissal of a complaint based on the failure to engage in mediation pursuant to a contract. Plaintiff's Memo Contra, PAGEID # 717-18. All of these cases, however, are distinguishable from the case at hand. Four of them do not involve franchise agreements and thus were evaluated without considering the franchise-specific issues the Defendants outlined in their Motion to Dismiss. *See* Motion to Dismiss at PAGEID # 684-85; *see also Whitestone Group, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:15-cv-962, 2016 WL 1117595 (S.D. Ohio Mar. 21, 2016) (involving a private security company and a commercial insurance company); *Dimension Serv. Corp. v. Bayview Ford Lincoln, LLC*, No. 2:18-cv-489, 2019 WL 1200573 (S.D. Ohio Mar. 14, 2019) (involving seller agreements for the sale and marketing of vehicle service contracts); *Gate Precast Co. v. Kenwood Towne Place, LLC*, No. 1:09-CV-0113, 2009 WL 3614931 (S.D. Ohio Oct. 28, 2009) (involving a commercial construction contract); *Acme Arsena Co., Inc.*

*v. J. Holden Constr. Co., Ltd.*, 2008-Ohio-6501 (8th Dist. Ct. App.) (involving a commercial construction contract).

Plaintiff also cites to *Swartz*, *N-Tron*, and *Halim* to argue that if "this Court finds that Plaintiff did not comply with the mediation provision, an order compelling mediation or, at worst, a stay while the parties engage in mediation are the appropriate remedies." Plaintiff's Memo Contra at PAGEID # 717. These cases are likewise distinguishable as they do not address the franchise specific issues at play here. *Swartz v. Westminister Servs., Inc.*, No 8:10-cv-1722-T-30AEP, 2010 WL 3522141 (M.D. Fla. Sept. 8, 2010) (involving a retirement center residency agreement); *N-Tron Corp. v. Rockwell Automation, Inc.*, No. 09-0733-WS-C, 2010 WL 653760 (S.D. Ala. Feb. 18, 2010) (involving a contract for cooperative marketing efforts); N-*Tron Corp. v. Rockwell Automation, Inc.*, No. 09-0733-WS-C, 2010 WL 653760 (S.D. Ala. Feb. 18, 2010) (involving an individual purchaser's dispute with an auction company).

The only action cited involving franchise agreements is *Brave Optical*, a class action lawsuit currently before this Court. Notwithstanding that fact, *Brave Optical* is also distinguishable. Although the *Brave Optical* plaintiffs "are current or former franchisees" of "a brand [the defendant] owns," the lawsuit, "[a]t its core, [] is an antitrust case between eyewear sellers." *Brave Optical, Inc. v. Luxottica of Am., Inc.*, No. 1:23-cv-793, 2024 WL 3173504, *1 (S.D. Ohio June 26, 2024). Claims against the "vision empire" with "a market capitalization of about $70 billion" were asserted under the Sherman Act, contract law, Ohio Revised Code §§ 1334.01 and 4165.01, and tort law. *Id.* The magnitude of business interests and crux of the claims in *Brave Optical* are disparate from the case at bar such that the issue of dismissal during contractual prerequisite meditation should be decided differently here.

As this Court explained in *Brave Optical*, "the question of whether to stay or dismiss" in circumstances like this is "a question committed to the Court's discretion." *Id.* at *6. On the issue

of dismissal due to the plaintiff's failure to comply with the pre-suit mediation requirement in its motion to dismiss, the *Brave Optical* defendant moved this Court to "dismiss **or** stay . . . until the parties engage in mediation." *Id*. at *3 (citing Defendant Luxottica of America Inc.'s f/k/a Luxottica Retail North America Inc. Motion to Dismiss Plaintiff's Complaint, Doc. # 28 at PAGEID # 894) (emphasis added). Here, Defendants moved this Court for dismissal because allowing the case to continue during the mediation, even if stayed, will cause Defendants significant harm.

Pursuant to the Federal Trade Commission's Rule on Franchising, a franchisor is required to disclose in Item 3 of its Franchise Disclosure Agreement all litigation commenced against it, and certain other individuals, by franchisees relating to the franchise relationship. Significantly, if the parties settle their dispute while litigation is pending, Magnolia, as the franchisor, is required to disclose the allegations and the settlement terms for ten years following the settlement. 16 C.F.R. § 436.5(c)(iii)(B). Defendants outlined the ramifications of this requirement in their Motion to Dismiss. *See generally,* Motion to Dismiss at PAGEID # 684-85. In short, mediation related to a franchise agreement with litigation pending threatens privacy, a franchisor's brand, and, in some cases, forces franchisors to litigate a matter to conclusion to prove it is not liable for the allegations made against it. Moreover, when individual employees are named, as here, the individual's reputation is hampered during the ten-year disclosure period due to their association with the lawsuit regardless of their ultimate liability. Therefore, the franchise-specific public policy concerns underlying this case call for dismissal of this action while the parties mediate Plaintiff's claims (outside the court system) as agreed upon under the terms of the Franchise Agreement.

Defendants also note that dismissing this action (without prejudice) while the parties mediate will not prejudice Plaintiff who would be able to refile its claims in the event the parties are unable to resolve this dispute through mediation. *C.f., N-Tron Corp. v. Rockwell Automation, Inc.,* 2010 WL 653760, *8 (S.D.Ala. Feb. 18, 2010) (granting a stay rather than dismissal of claims

to allow parties to mediate pursuant to mandatory dispute resolution process in contract where the "practical effect" of a dismissal without prejudice would prohibit plaintiff from asserting certain claims due to the expiration of the statute of limitations).[3]

### B. The OBOPA is inapplicable here and therefore the public policy issues stated therein do not prohibit this Court from transferring the matter to the United States District Court for the Northern District of Mississippi.

Defendants maintain that (1) the forum selection clause in the Franchise Agreement is valid and enforceable; (2) Magnolia complied with the FTC Rule; and, (3) based on the foregoing, the OBOPA, including Ohio's public policy interest therein, does not apply. *See* Motion to Dismiss at PAGEID # 690-93; see also Bynum Aff. at PAGEID # 699. If Ohio wanted to protect all of its resident franchisees from forum selection clauses, the Ohio General Assembly would have and could have clearly said so. Instead, it exempted those offerings that comply with the FTC Rule. As a result, this Court should transfer the matter to Mississippi pursuant to the valid and enforceable forum selection clause set forth in Section 20.3 of the Franchise Agreement.

Despite Plaintiff's arguments to the contrary, several traditional forum non conveniens factors weigh in Defendants' favor as well.

For example, there is no doubt that the Ohio federal court system is more congested than the federal courts of Mississippi. This is a matter of public record provided by the Administrative Office of the U.S. Courts. *See* U.S. District Courts–Civil Statistical Tables For The Federal Judiciary (December 31, 2024), Table C-1, https://www.uscourts.gov/data-news/data-tables/2024/12/31/statistical-tables-federal-judiciary/c-1.[4] In fact, in the year 2024, 5,312 civil cases were filed in the United States District Court for the Southern District of Ohio; however, only

---

[3] Although Plaintiff has not raised any concerns at this juncture regarding time limitations on its claims, Defendants would be agreeable to entering into a tolling agreement to preserve any non-expired claims while mediation proceed.
[4] Because this information is readily available from the United States government, the Court may take judicial notice of the statistics pursuant to Fed. R. Evid. 201(b) and (c).

2,366 were filed in Mississippi federal courts – Northern and Southern Districts combined. *Id.* Further, as of December 31, 2024, there were 26,548 cases pending in the Southern District of Ohio but only 3,980 in Mississippi federal district courts combined. *Id.*

Furthermore, Plaintiff's reliance on the location of potential witnesses is a neutral issue at best and is by no means dispositive. *See Braman v. Quizno's Franchise Co., LLC*, 2008 WL 611607, *5 (N.D.Ohio Feb. 20, 2008) (finding that the convenience of the parties and witnesses did not aid plaintiff's attempt to meet its burden to show transfer would be inappropriate).

Finally, as Plaintiff notes, Magnolia is headquartered in Mississippi where, pursuant to Section 20.2 of the Franchise Agreement, the parties agreed to mediate any claims arising from the franchise relationship; the location of various Magnolia branded stores is irrelevant. Additionally, contrary to Plaintiff's assertion, the Franchise Agreement was "made in, and [] substantially performed in, the State of Mississippi." Franchise Agreement, Complaint at PAGEID # 632. Although this forum certainly is not inadequate, it is undoubtedly more burdensome for Defendants and is contrary to the intent of the plain language of the Franchise Agreement. Plaintiff voluntarily and knowingly agreed to mediate in Mississippi and "submit [itself] to the sole and exclusive jurisdiction of the state and federal courts in Mississippi." *Id.* It is unfair and inequitable for Plaintiff to backslide on that agreement in a self-serving attempt to negate the plain language of the Franchise Agreement.

Accordingly, if the Court does not dismiss this matter outright, it should transfer this matter to the United States District Court for the Northern District of Mississippi pursuant to 28 U.S.C. 1404(a) and the parties' forum selection clause.

### III. CONCLUSION

For the reasons stated above, and in their Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Transfer Venue, Plaintiff's Complaint should be dismissed without prejudice so the

parties may attempt to resolve their disputes through mediation outside of the federal court system. In the alternative, this Court should transfer the action to the United States District Court for the Northern District of Mississippi pursuant to the forum selection clause in the Franchise Agreement.

Dated: May 23, 2025

Respectfully submitted,

/s/ Marcus A. Miller
Michael A. Snyder (0069425)
Marcus A. Miller (0096597) (Trial Attorney)
SHUMAKER, LOOP & KENDRICK, LLP
41 South High Street
Columbus, Ohio 43215-6104
(614) 463-9441 (telephone)
(614) 463-1108 (facsimile)
msnyder@shumaker.com
mmiller@shumaker.com
Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Reply in Support of Defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Transfer Venue was served via the Clerk's electronic filing system and/or email on May 23, 2025 upon the following:

Katherine C. Ferguson
Lindsay M. Nelson
Allen Stoval Neuman & Ashton LLP
10 W. Broad St., Suite 2400
Columbus, OH 43215
Ferguson@ASNALaw.com
Nelson@ASNALaw.com
Attorneys for Plaintiff

                                                    */s/* Marcus A. Miller
                                                    Marcus A. Miller
                                                    An Attorney for Defendants