UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ARRAY OF SOAP, LLC | : | |
| | : | Civil Action No. 2:25-cv-00339-ALM-CMV |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge: Douglas R. Cole |
| | : | |
| MAGNOLIA SOAP AND BATH CO. FRCH, LLC, et al. | : | Magistrate Judge: Chelsey M. Vascura |
| | : | |
| Defendants. | : | |

## AFFIDAVIT OF LINDSAY NELSON, ESQ.

Lindsay Nelson, being duly cautioned and sworn, deposes and states that:

1. I am over the age of eighteen and have personal knowledge of all the facts testified to herein.

2. I am legal counsel for Plaintiff Array of Soap, LLC ("Plaintiff") in the above-captioned matter.

3. On February 5, 2025, Defendant Magnolia Soap and Bath Co. Frch, LLC ("Magnolia") notified me it was in receipt of Plaintiff's demand letter and expected to provide a comprehensive response "early next week." (2/5/2025 email communication attached hereto at Exhibit 1.) I did not receive a comprehensive response the following week.

4. On February 14, 2025, Magnolia notified me that it expected to "follow up shortly with a more comprehensive letter response" and purported to elect, "pursuant to Section 20.2 of the Franchise Agreement, to submit any claims arising out of this matter to mediation." (2/14/2025 email communication attached hereto at Exhibit 1.)

5. On February 14, 2025, I informed Magnolia's counsel (to the extent he was not already aware) that I sent a demand letter to the Notice Address pursuant to the Franchise Agreement on December 11, 2024, it was delivered on December 13, 2024 and, as such, Magnolia's 30-day window to submit Plaintiff's claims to mediation had long since expired. (2/14/2025 email communication attached thereto at Exhibit 1.)

6. On February 25, 2025, I finally received a substantive response from Magnolia's counsel. Magnolia, however, did not provide a counteroffer to Plaintiff's demand.

7. On March 4, 2025, I provided a courtesy copy of Plaintiff's Complaint to defense counsel. (3/4/2025 email communication attached hereto at Exhibit 1, attachments omitted.) I also communicated to defense counsel that, although Magnolia was out of time to initiate mediation pursuant to the Franchise Agreement, Plaintiff was nonetheless amenable to participating in mediation so long as Magnolia "engages in good faith and all parties agree on the mediator, time, location and description of costs." (*Id.*) As a starting point, I requested whether Magnolia was amenable to a remote mediation via Zoom. (*Id.*) Magnolia was unwilling to participate in mediation unless Plaintiff dismissed its claims. (*Id.*)

*[signature]*
Lindsay Nelson

Sworn to and subscribed before me this 14th day of July, 2025.

*[signature]*
Notary Public



**Hannah B. Kittle**
Notary Public, State of Ohio
My Commission Expires 9-15-2027