UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ARRAY OF SOAP, LLC,

      Plaintiff,

  v.                                             Civil Action 2:25-cv-339
                                                      Judge Douglas R. Cole
                                                      Magistrate Judge Chelsey M. Vascura

MAGNOLIA SOAP AND BATH CO.
FRCH, LLC, *et al.*,

      Defendants.

## OPINION AND ORDER

Plaintiff, Array of Soap, LLC, sues Defendants, Magnolia Soap and Bath Co. FRCH, LLC ("Magnolia"), and Emily Burriss, for fraud, breach of contract, and other state-law claims in connection with a franchise agreement between Plaintiff and Magnolia. This matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint *Instanter* (ECF No. 35). For the reasons that follow, Plaintiff's Motion is **GRANTED**.

                                        **I.     BACKGROUND**

Plaintiff commenced this action on March 5, 2025, in the Court of Common Pleas for Fairfield County, Ohio. (Compl., ECF No. 8.) Defendants removed the case to this Court on April 1, 2025. (ECF No. 1.) Plaintiff's original Complaint named Magnolia and Ms. Burriss as Defendants and advanced claims for violation of the Ohio Business Opportunity Plan Act, fraud, breach of contract, and unjust enrichment. (ECF No. 8.) After Defendants filed a motion to dismiss, Plaintiff obtained leave of court to file a First Amended Complaint to address the

alleged pleading deficiencies identified by Defendants in their motion and also to seek rescission of the franchise agreement between Plaintiff and Magnolia. (1st Am. Compl., ECF No. 21.)

Meanwhile, the Court entered a Preliminary Pretrial Order on April 17, 2025, reflecting the parties' agreement that "[m]otions or stipulations addressing the parties or pleadings, if any, must be filed no later than May 30, 2025." (ECF No. 13). That Order also entered deadlines for completion of discovery and filing of dispositive motions, which were later extended to February 13, 2026, and May 15, 2026, respectively. (ECF No. 38.)

On October 6, 2025, more than four months after the deadline for motions to amend the pleadings, Plaintiff filed the subject motion for leave to file a Second Amended Complaint. (ECF No. 35.) Plaintiff seeks to amend her pleading to assert new claims against Angela Magen Snyder Bynum, personally and as the alter ego of Magnolia, and to assert new claims concerning Magnolia's misleading statements concerning its finances and product ingredients. (*Id.*) Defendants oppose Plaintiff's motion, contending that her proposed amendments are futile and that Defendants would be unduly prejudiced by amendments at this stage. (Defs.' Mem. in Opp'n, ECF No. 36.)

## II.     STANDARDS GOVERNING PLEADING AMENDMENTS

District courts are required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in this case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner,*

349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III.  ANALYSIS

Plaintiff has demonstrated good cause to amend the case schedule. Plaintiff contends, and Defendants do not dispute, that Plaintiff did not learn of certain facts pertaining to Magnolia's finances—namely, that its owner, Ms. Bynum, commingled her personal assets with those of

Magnolia—until August through October 2025, when Plaintiff received responses to subpoenas from third-party financial institutions and accountants. Moreover, Plaintiff did not learn that certain representations concerning Magnolia's product ingredients were false or misleading until receiving discovery responses from Magnolia in September 2025. Thus, Plaintiff did not learn of the basis for its new claims against Ms. Bynum or its new claims concerning misrepresentations as to Magnolia's finances and product ingredients until the May 30, 2025 deadline for motions to amend the pleadings had already passed. Plaintiff has therefore demonstrated that she could not have met the pleading amendments deadline, even with the exercise of diligence.

Nor will Defendants be unduly prejudiced by amendment at this time. Several months still remain in the discovery period should Plaintiff's new claims necessitate additional discovery. *Cf. Miller v. Admin. Off. of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court."). Nor is "the inherent prejudice of having to defend against Plaintiff's new claims" sufficient to preclude amendment. *See Ashley Furniture Indus., Inc. v. Am. Signature, Inc.*, No. 2:11-CV-00427, 2012 WL 1031411, at *3 n.3 (S.D. Ohio Mar. 27, 2012). And although "another round of motion practice" will be required by the superseding of Plaintiff's Second Amended Complaint and the mooting of Defendants' existing motion to dismiss, "such inconvenience does not rise to the level of prejudice that would warrant denial of leave to amend." *See Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002). Finally, the case on which Defendants rely is distinguishable. The court in *Kendall v. Whig Enters., LLC*, denied amendment to add new veil-piercing claims because they did "not arise from newly discovery evidence or conduct" and were based on "speculation." No. 2:15-CV-1295, 2017 WL 2457144,

4

at *3 (S.D. Ohio June 7, 2017). But Defendants do not dispute that Plaintiff only recently learned of the facts underlying her proposed new claims.

In sum, the Court finds good cause to permit Plaintiff to amend its Complaint under Rule 16(b)(4)(A). The Court now moves to the standard of Rule 15(a)(2), which directs the Court to "freely give leave [to amend] when justice so requires." Even so, amendment may be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson*, 633 F.3d at 495. For the reasons related to diligence and lack of prejudice outlined above, the Court finds that Plaintiffs' amendment is not brought in bad faith or for dilatory purposes, and amendment will not result in undue delay.

Defendants' remaining arguments in opposition to Plaintiffs' Motion relate to the futility of Plaintiff's proposed amendments. Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend its Complaint with the understanding that Defendants are free to challenge the claims against them through a motion to dismiss. *See Durthaler*, 2011 WL 5008552, at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded

5

and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

IV. **DISPOSITION**

For these reasons, Plaintiff's Motion for Leave to file Second Amended Complaint *Instanter* (ECF No. 35) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiff's Second Amended Complaint, attached to its Motion at Exhibit 1 (ECF Nos. 35-1 through 35-9). The Clerk is further **DIRECTED** to terminate as moot Magnolia's and Ms. Burriss's Motion to Dismiss the First Amended Complaint (ECF No. 23).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE