**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**ARRAY OF SOAP, LLC,**

        **Plaintiff,**

    **v.**

**MAGNOLIA SOAP AND BATH CO.**
**FRCH, LLC,** *et al.*,

        **Defendants.**

**Civil Action 2:25-cv-339**
**Judge Douglas R. Cole**
**Magistrate Judge Chelsey M. Vascura**


<u>**OPINION AND ORDER**</u>

Plaintiff, Array of Soap, LLC, brings this action against Defendants Magnolia Soap and Bath Co. FRCH, LLC, and several of its principals and employees, to recover damages for alleged fraudulent misrepresentations and violations of Ohio's franchise laws. This matter is before the Court on Defendants' Motion to Stay Discovery pending the Resolution of the Motion to Dismiss or Transfer Venue (ECF No. 50). For the reasons below, Defendants' Motion is **DENIED**.

**I.      BACKGROUND**

Plaintiff commenced this action in the Court of Common Pleas for Fairfield County, Ohio, on March 5, 2025, naming as Defendants Magnolia Soap and Bath Co. FRCH, LLC, and Magnolia's Franchise Director, Emily Burriss. (Compl., ECF No. 8.) Magnolia and Burriss removed the action to this Court on April 1, 2025. (Notice of Removal, ECF No. 1.) Magnolia and Burriss then moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, due to Plaintiff's failure to comply with a

mediation provision in the parties' franchise agreement before commencing suit, or in the alternative under Rule 12(b)(6) for failure to state a claim, or in the alternative to transfer venue to District of Mississippi pursuant to a forum selection clause in the franchise agreement. (ECF No. 14.) That motion was mooted when Plaintiff filed a First Amended Complaint with the consent of Magnolia and Burriss on June 2, 2025. (ECF No. 21.) Magnolia and Burriss again moved to dismiss the First Amended Complaint under Rules 12(b)(1) and 12(b)(6), or in the alternative to transfer venue. (ECF No. 23.) That motion was also mooted when Plaintiff, with leave of Court, filed its Second Amended Complaint on November 25, 2025. (ECF No. 41.) The Second Amended Complaint added as Defendants Angela Magen Snyder Bynum (who represents herself to be Magnolia's owner and founder) and Jane Doe (named in the event Ms. Bynum is not, in fact, Magnolia's owner and founder). (*Id.*) Defendants again moved to dismiss Plaintiff's Second Amended Complaint under Rules 12(b)(1) and 12(b)(6), or in the alternative to transfer venue. (ECF No. 42.) That motion remains pending.

In the meantime, the parties participated in an unsuccessful court-facilitated mediation in July 2025 and commenced discovery. The undersigned held an informal conference with the parties on December 30, 2025, to resolve certain disputes concerning Magnolia's deficient responses to Plaintiff's written discovery requests. (*See* Order Memorializing Dec. 30, 2025 Conference, ECF No. 45.) Two weeks later, Defendants filed the subject Motion to Stay Discovery Pending the Resolution of the Motion to Dismiss or Transfer Venue. (ECF No. 50.)

## II.     STANDARDS GOVERNING STAYS OF DISCOVERY

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[ ] a district court to issue a protective order staying discovery during the pendency of a motion for

2

'good cause shown.'" *Bowens v. Columbus Metro. Libr. Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

### III.   ANALYSIS

Defendants have not demonstrated that a stay of discovery is appropriate. In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay

3

discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *Young v. Mesa Underwiters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *2–3 (S.D. Ohio Oct. 19, 2020) ("Absent a request to dismiss on the grounds of immunity or lack of jurisdiction, it is the rare case where the Court will stay discovery based on a pending dispositive motion.").

Although Defendants' Motion to Dismiss implicates subject-matter jurisdiction as well as failure to state a claim, this Court has often denied stays of discovery in the face of motions to dismiss for lack of subject-matter jurisdiction. *See, e.g.*, *Ohio Bell*, 2008 WL 641252, at *2; *Boddie v. PNC Bank, NA*, No. 2:12-CV-158, 2013 WL 394523, at *2 (S.D. Ohio Jan. 31, 2013);

4

*Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3 (S.D. Ohio Dec. 10, 2020); *Hopper v. Credit Assocs., LLC*, No. 2:20-CV-522, 2021 WL 2800707, at *2 (S.D. Ohio July 6, 2021); *Ames v. LaRose*, No. 2:22-CV-2085, 2022 WL 11615872, at *3 (S.D. Ohio Oct. 20, 2022); *Croce v. Sotheby's Fin. Servs. Inc.*, No. 2:23-CV-2896, 2024 WL 3082650, at *3 (S.D. Ohio June 21, 2024). In such cases, the Court typically determines whether the jurisdictional issue is "clear-cut" and likely to result in dismissal (which favors a stay), or "fairly debatable" (which weighs against a stay). *See Ohio Bell*, 2008 WL 641252, at *2; *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3.

The undersigned takes no position on the outcome of Defendants' Motion to Dismiss; however, the jurisdictional issues are best described as fairly debatable rather than clear-cut. The parties dispute whether each of the parties complied with the franchise agreement's pre-suit mediation requirement and whether the court-facilitated mediation that took place in July 2025 satisfies the mediation requirement. (*See* Defs.' Mot. to Dismiss 11 n.4, ECF No. 42; Pl.'s Mem. in Opp'n 10–12.) Thus, "there is little certainty at the moment concerning the issue of subject matter jurisdiction, and this uncertainty counsels against granting a stay of discovery." *Ohio Bell*, 2008 WL 641252, at *2.

Nor do Defendants' forum selection clause arguments under 28 U.S.C. § 1404 warrant a stay of discovery. *See Charvat v. NMP, LLC*, No. 2:09-CV-209, 2009 WL 3210379, at *2 (S.D. Ohio Sept. 30, 2009) ("the impact of these types of motions [*i.e.*, motions to dismiss for lack of subject-matter jurisdiction versus personal jurisdiction] on the issue of whether discovery should proceed is not substantially different"). Motions pertaining to personal jurisdiction or venue rarely provide grounds for stay because they go not to the merits, but merely to the forum in

which the merits of the case will be decided. *See DSM Desotech, Inc. v. Momentive Specialty Chemicals, Inc.*, No. 2:15-CV-70, 2015 WL 7450893, at *11 (S.D. Ohio Nov. 24, 2015) ("requests for stays pending resolution of [motions] that do not go to the merits of the case are less compelling") (collecting cases).

Defendants have also made no showing that responding to Plaintiff's discovery requests will be unduly burdensome. Although responding to discovery will entail some expenditure of time and resources, this is "the same burden that nearly every defendant in this Court faces in civil litigation." *Young*, 2020 WL 7407735, at *3. General assertions of undue burden amount to no more than speculation. "Alleged costs associated with discovery, without details of a specific burden, are unlikely to justify a stay of discovery." *Malibu Media, LLC v. Doe*, No. 2:14-CV-1132, 2015 WL 2128156, at *1 (S.D. Ohio May 6, 2015); s*ee also, e.g.*, *City of Lancaster v. Flagstar Bank, FSB,* No. 10–cv–1041, 2011 WL 1326280, at *5 (S.D. Ohio Apr. 5, 2011*)* (denying the motion to stay discovery when the party filing the motion "ma[de] no effort to detail the specific burdens it will face from discovery in this case; nor [did] it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion"). To the extent that Defendants object to appearing in Ohio for their depositions, they may request an informal conference with the undersigned after exhausting all extra-judicial means of resolving that dispute.

Finally, Plaintiff would be prejudiced by a stay of discovery. A plaintiff has an interest in the speedy resolution of its case. *See Per Servs., LLC v. Van Sickle*, No. 2:20-CV-05539, 2021 WL 1030224, at *2 (S.D. Ohio Feb. 22, 2021). Put another way, a plaintiff has "a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council*, 565 F.2d at 396. Consistently, Federal Rule of Civil Procedure 1 states that the rules should be "employed by

6

the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Application of these principles here weighs against granting a stay of discovery.

## IV.    DISPOSITION

For these reasons, Defendants' Motion to Stay Discovery pending the Resolution of the Motion to Dismiss or Transfer Venue (ECF No. 50) is **DENIED**.


**IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

7