**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


ARRAY OF SOAP, LLC,

       **Plaintiff,**

       **v.**

       **Civil Action 2:25-cv-339**
       **Judge Douglas R. Cole**
       **Magistrate Judge Chelsey M. Vascura**

**MAGNOLIA SOAP AND BATH CO.
FRCH, LLC,** *et al.*,

       **Defendants.**


## <u>ORDER</u>

This matter is before the Court on Plaintiff's Motion to Compel Compliance with Court Order and for Sanctions (ECF No. 59). By way of background, on December 30, 2025, the undersigned held an informal discovery conference with the parties and ordered Defendant Magnolia Soap and Bath Co. FRCH, LLC, to supplement its interrogatory answers and document production. (ECF No. 45.) When Magnolia had not done so by March 11, 2026, Plaintiff emailed the  undersigned's chambers to request guidance as to how to proceed. Magnolia's counsel responded that she was having difficulty communicating with her client, who may have recently welcomed a new baby. The undersigned instructed Plaintiff to file a motion to compel compliance with the December 30, 2026 Order, and Plaintiff filed the subject motion on March 16, 2026. (ECF No. 59.) Plaintiff seeks entry of an Order: (i) compelling Defendant Magnolia Soap and Bath Co. FRCH, LLC ("Defendant") to fully comply with the Court's December 30, 2025 Order within fourteen days of the entry of the Order; (ii) awarding Plaintiff its reasonable attorneys' fees incurred in attempting to obtain the compelled discovery; and (iii) warning

Defendant that any continued failure to comply with the Court's Orders or discovery obligations may result in additional sanctions, including the entry of default judgment against Defendant. (Pl.'s Mot. 1, ECF No. 59.)

In opposition, Magnolia states that it was hindered in supplementing its discovery responses due to a severe ice storm in early 2026 that disrupted company operations and the intermittent hospitalization of Magnolia's principal, Defendant Magen Bynum, during late February and early March 2026, related to Ms. Bynum's pregnancy and the birth of her child. (Bynum Decl. ¶¶ 2–6.) As Magnolia is a small company, Defendants represent that Magnolia does not have additional staff or administrative capacity to respond to discovery requests without significant involvement from Ms. Bynum. (*Id.* ¶ 4.) Magnolia also expresses concerns about producing its tax returns to Plaintiff as ordered on December 30, 2026, because Magnolia is aware of communications between Plaintiff and other Magnolia franchisees. (*Id.* ¶ 7.)

In light of Magnolia's explanation for the delay in supplementing its responses, the undersigned finds the delay to be largely justified such that monetary sanctions are not warranted. However, the undersigned finds it appropriate to grant the balance of Plaintiff's requested relief. Accordingly, Plaintiff's Motion (ECF No. 59) is **GRANTED IN PART and DENIED IN PART**. Magnolia is **ORDERED**:

> (1) to submit to Plaintiff a proposed protective order restricting the use of documents produced in discovery to the prosecution or defense of this action, such that Plaintiff may not share Magnolia's documents with other franchisees, **WITHIN SEVEN DAYS** of the date of this Order;[1] and
>
> (2) to fully comply with the Court's December 30, 2025 Order (ECF No. 45) **WITHIN FOURTEEN DAYS** of the date of this Order.

---

[1] The parties may wish to consult the form protective orders available on this Court's website at https://www.ohsd.uscourts.gov/ohio-southern-district-forms.

Magnolia is further **CAUTIONED** that further non-compliance with this Court's discovery orders may result in the imposition of sanctions, including an award of attorney's fees or the entry of default judgment against Magnolia.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE